UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

PAULA S.,

                                          Plaintiff,

                                      v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                          Defendant.
_____

                        <u>DECISION AND ORDER</u>

                        21-CV-0076L

Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. §405(g) to review the Commissioner's final determination.

On June 13, 2017, plaintiff filed an application for a period of disability and disability insurance benefits, alleging an inability to work since June 1, 2017. (Dkt. #10 at 12). Her application was initially denied. Plaintiff requested a hearing, which was held on August 28, 2019 via videoconference before administrative law judge ("ALJ") Gregory Moldafsky. The ALJ issued a decision on January 21, 2020, finding plaintiff not disabled. (Dkt. #10 at 12-25). That decision became the final decision of the Commissioner when the Appeals Council denied review on November 16, 2020. (Dkt. #10 at 1-3). Plaintiff now appeals.

The plaintiff has moved pursuant to Fed. R. Civ. Proc. 12(c) for judgment vacating the ALJ's decision and remanding the matter for further proceedings (Dkt. #14), and the Commissioner has cross moved for judgment dismissing the complaint (Dkt. #16). For the reasons

set forth below, the plaintiff's motion is denied, the Commissioner's cross motion is granted, and the complaint is dismissed.

## DISCUSSION

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir.2002).

### I.     The ALJ's Decision

Plaintiff was born May 19, 1968, and was 49 years old on the alleged onset date, with a high school education and past work as an accounting clerk supervisor and accounts receivable clerk. (Dkt. #10 at 23-24). Her medical records reflect diagnoses and/or treatment for the following impairments, which the ALJ found to be severe impairments not meeting or equaling a listed impairment: morbid obesity, regional pain syndrome (or reflex sympathetic dystrophy (RSD)), depression, anxiety, and hypersomnia (excessive sleeping and/or excessive daytime fatigue). (Dkt. #10 at 14).

In applying the special technique for mental impairments, the ALJ determined that plaintiff has a mild limitation in understanding, remembering, or applying information, a moderate limitation in interacting with others, a moderate limitation in maintaining concentration, persistence, and pace, and a mild limitation in adapting or managing herself. (Dkt. #10 at 16-17). The ALJ accordingly concluded that plaintiff's mental impairments were not disabling.

After reviewing the evidence of record, the ALJ determined that the plaintiff retained the residual functional capacity ("RFC") to perform light work, except that she can stand or walk for

2

only 4 hours in an 8-hour workday. She can occasionally climb stairs and ramps, and never climb ropes, ladders, or scaffolds. She can occasionally push and pull with the bilateral lower extremities, operate foot controls, stoop, balance, kneel, and crouch. She can never crawl. She cannot work at unprotected heights or with dangerous moving machinery. Finally, plaintiff is limited to simple, routine, repetitive tasks in a work environment that is not fast-paced, and does not have strict production quotas. (Dkt. #10 at 17-18).

When presented with this RFC as a hypothetical at the hearing, vocational expert Celena Earl testified that such an individual could not perform plaintiff's past skilled work as an accounting clerk supervisor or accounts receivable clerk, but could perform the representative light, unskilled positions of laundry folder, inspector/hand packager, and shipping and receiving weigher. (Dkt. #10 at 24-25, 65-66). The ALJ accordingly found plaintiff not disabled.

## II.    The ALJ's RFC Determination

### A.    The ALJ's Determination That Plaintiff Can Stand and Walk for 4 Hours

Initially, plaintiff argues that the ALJ's finding that plaintiff has the RFC to stand or walk for up to 4 hours in an 8-hour workday was not supported by substantial evidence. Specifically, plaintiff notes that none of the medical opinions of record specified such a limitation in numerical terms. Instead, consulting internist Dr. Nikita Dave, whose opinion was found by the ALJ to be "generally persuasive," opined that plaintiff was "moderately limited for prolonged standing [and] walking . . . due to problems with her right great toe." (Dk. #10 at 377). State agency medical consultant Dr. James Lawrence, whose opinion was likewise found to be "generally persuasive," reviewed the record and opined that plaintiff was limited to light work with only occasional climbing and balancing. (Dkt. #10 at 79-80). The ALJ purported to credit the limitations described by Dr. Dave, and found that plaintiff's regional pain syndrome symptoms warranted "some

additional restriction[s] on standing and walking" beyond what Dr. Lawrence had described. (Dkt. #10 at 21-22).

Plaintiff argues that Dr. Dave's use of the term "moderate limitations" was unduly vague, and that the ALJ's finding that plaintiff could stand and walk for up to 4 hours in an 8-hour workday (less than the typical range for light work, which typically requires up to 6 hours of standing and walking) was not supported by substantial evidence, because none of the medical opinions of record described plaintiff's exertional abilities in numeric terms.

However, the "mere use of the phrase 'moderate limitations' does not render [a physician's] opinion vague or non-substantial for purposes of the ALJ's RFC determination," particularly where the opinion is supported by clinical testing or objective observations. *Mancuso v. Colvin*, 2013 U.S. Dist. LEXIS 92439 at *10 (W.D.N.Y. 2013). *See also Tudor v. Commissioner*, 2013 U.S. Dist. LEXIS 118876 at *35 (E.D.N.Y. 2013)(opinion that plaintiff "has moderate limitations for prolonged standing, walking and heavy lifting," supported by "additional information" such as objective medical findings, was not vague and provided an adequate basis for the ALJ to infer plaintiff's exertional capacity). Here, Dr. Dave's opinion that plaintiff was "moderately" limited with respect to "prolonged" engagement in standing, walking and other postural activities (particularly those involving the use of the legs or bending of the back) was well-supported by clinical findings of mildly irregular gait, normal stance, grossly normal range of motion in the cervical and lumbar spine with some tenderness in the cervical spine, negative straight leg raising tests, full range of motion and strength in the upper and lower extremities, and normal sensation, reflexes, and hand and finger dexterity. (Dkt. #10 at 20, 374-77).

Furthermore, I find no error in the ALJ's reliance on Dr. Dave's opinion (and partial reliance on Dr. Lawrence's opinion, which specified a greater ability to stand and walk than the

4

ALJ ultimately found) to support his conclusion that plaintiff was able to perform the functional requirements of a range of light work, with additional postural and nonexertional limitations, including, inter alia, a limitation to standing and walking for no more than 4 hours per day, and no more than occasional climbing of stairs or ramps, crouching, pushing or pulling with the bilateral lower extremities, or operation of foot controls.

Indeed, while the case law is not well settled, many courts in this Circuit have concluded that an RFC for light work – involving up to six hours of standing and walking per day – is not inconsistent with medical opinions specifying "up to moderate limitations" in "prolonged" standing, walking, lifting, etc. *See Allen N. v. Commissioner*, 2023 U.S. Dist. LEXIS 1216 at *6-*7 (W.D.N.Y. 2023)(collecting cases). *See also Daniel James V. v. Commissioner*, 2023 U.S. Dist. LEXIS 3585 at *11 (W.D.N.Y. 2023)(collecting cases, and noting that individuals with moderate limitations for "prolonged walking" and/or sitting, standing, bending, climbing, and pushing and pulling, can perform the requirements of light work); *Ayesha W. v. Commissioner*, 2022 U.S. Dist. LEXIS 79178 at *28 (W.D.N.Y. 2022)(collecting cases, and noting that many courts in the Second Circuit have found that mild or moderate limitations in sitting, standing, walking, and carrying, are consistent with the ability to perform light work).

Here, the ALJ's RFC determination was far more limited than the full range of light work, and imposed additional exertional and postural limitations to account for the relevant medical opinions the ALJ found partially or fully persuasive, based on a rationale that the ALJ set forth in detail. I find no error therein.

For these reasons, I find that substantial evidence of record, including the medical opinions concerning plaintiff's exertional RFC, and her treatment records, support the ALJ's finding that plaintiff can perform a limited range of light work.

B.     The ALJ's Consideration of Plaintiff's Hypersomnia

Plaintiff also contends that the RFC determination failed to sufficiently account for the limitations in attention and concentration caused by her severe impairment of hypersomnia. Specifically, plaintiff argues that although the ALJ found plaintiff's concentration to be moderately impaired at times due to her fatigue (Dkt. #10 at 21), and his RFC finding accordingly limited plaintiff to routine, repetitive work that was not fast-paced and did not require a production rate, the ALJ erred by failing to include additional limitations to account for time off-task or absenteeism.

The Court disagrees. As the ALJ observed, plaintiff's attention and concentration were generally assessed as normal, and consulting psychiatrist Dr. Susan Santarpia found plaintiff's attention and concentration to be intact on examination. (Dkt. #10 at 22, 380-81). The ALJ's reasons for rejecting the only contrary evidence of record – the opinion of treating physician's assistant Nicole Miller, who indicated that plaintiff's concentration was only "fair" in some areas and that she would be unable to complete a normal workday – were sufficiently explained and supported by other evidence of record, including plaintiff's mental health progress notes from Ms. Miller and other providers, wherein her attention and concentration were consistently found to be stable and intact, even on those occasions when plaintiff reported difficulty concentrating. (Dkt. #10 at 22-23, 555, 559, 564, 568, 572, 576, 580, 584, 594, 612-15).

Ultimately, it is plaintiff's burden to show that the extremely limited exertional RFC determined by the ALJ failed to account sufficiently for all of the limitations caused by her morbid obesity, regional pain syndrome, hypersomnia, depression and anxiety. *See Jessica W. v. Commissioner*, 2022 U.S. Dist. LEXIS 20670 at *11 (W.D.N.Y. 2022) ("the burden to provide evidence to establish the RFC lies with Plaintiff")(citing *Poupore v. Astrue*, 566 F.3d 303, 305-06

(2d Cir. 2009)(the burden is on plaintiff to show that she cannot perform the RFC determined by the ALJ)). I find that she has not satisfied that burden, and that the ALJ's decision was supported by substantial evidence, including plaintiff's treatment notes and medical opinions of record, and was not the product of legal error.

I have considered the remainder of plaintiff's arguments, and find them to be without merit.

## CONCLUSION

For the foregoing reasons, I find that the decision-appealed-from was supported by substantial evidence of record, and was not the product of legal error. Plaintiff's motion to vacate the ALJ's decision and remand the matter for further proceedings (Dkt. #14) is denied, and the Commissioner's cross motion for judgment on the pleadings (Dkt. #16) is granted. The ALJ's decision is affirmed in all respects, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       February 28, 2023.